IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GO FAN YOURSELF, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   4:24-cv-01894 |
| | ) | |
| ILLUMIPURE, INC., | ) | Judge Andrew S. Hanen |
| | ) | Magistrate Judge Richard N. Bennett |
| Defendant. | ) | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(F)
FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant to Fed. R. Civ. P. 26(f) and Patent Rule 2-1, Plaintiff Go Fan Yourself, LLC ("Plaintiff" or "GFY") and illumiPure, Inc. ("Defendant" or "illumiPure") respectfully submit the following joint discovery/case management plan:

1. **State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

   On October 28, 2024 counsel for Plaintiff, Paul K. Vickrey and Patrick F. Solon, and counsel Defendants, Michael Krill and Robert Green, conferred for the purposes of preparing this plan.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   There are no present or pending cases related to this one.

3. **Basis for Federal Jurisdiction.**

This Court has exclusive jurisdiction over the subject matter of this patent infringement action under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

4. **Name the parties who disagree and the reasons.**

Plaintiff asserts claims for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271. Defendant disputes these claims. Specifically, Plaintiff has asserted that Defendant's making, using, sale, and/or offer for sale of air purification devices known as the Air Guardian infringe one or more claims of Plaintiff's United States Patent Nos. 10,316,141 (the "'141 Patent"), 10,670,026 (the "'026 Patent"), 11,028,223 (the "'223 Patent"), and 11,255,336 (the "'336 Patent") (collectively the "GFY Patents").

5. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

The Parties do not anticipate that any additional parties should be included in this action. The Parties reserve the right to include additional parties if necessary.

6. **List anticipated interventions.**

The Parties do not anticipate any interventions in this action.

7. **Describe class-action issues.**

This case does not involve any class-action issues.

8. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The Parties have agreed to make initial disclosures on the date listed in Section 9 below.

**9.     Describe the proposed agreed discovery plan, including:**

The Parties agree to generally follow the Southern District of Texas Patent Case Scheduling Order, as follows:

| Deadline | Date |
| --- | --- |
| **Scheduling Conference** | November 12, 2024 |
| **Initial Disclosures** | November 15, 2024 |
| **Preliminary Infringement Contentions** Comply with P.R. 3-1 and P.R. 3-2. After this date, it is necessary to obtain leave of court to add and/or amend infringement contentions, pursuant to Patent Rule (P.R.) 3-7.<br><br>**Join Additional Parties Or Add New Patents And/Or Claims** It is not necessary to file a motion to join additional parties before this date. Thereafter, it is necessary to obtain leave of court. | December 13, 2024 |
| **Preliminary Invalidity Contentions** Comply with P.R. 3-3 and 3-4. After this date, it is necessary to obtain leave of Court to add and/or amend invalidity contentions, pursuant to P.R. 3-7.<br><br>**Inequitable Conduct Allegations** Before this date, it is not necessary to file a motion for leave to add inequitable conduct allegations. Thereafter, it is necessary to obtain leave of court to add inequitable conduct allegations. | February 7, 2025 |
| **Exchange Proposed Terms And Claim Elements For Construction** Comply with P.R. 4-1. | February 21, 2025 |
| **Exchange Preliminary Claim Constructions and Extrinsic Evidence** Comply with P.R. 4-2. | March 14, 2025 |
| **Joint Claim Construction And Prehearing Statement** Comply with P.R. 4-3. | April 11, 2025 |
| **Amend Pleadings** | April 11, 2025 |
| **Discovery Deadline On Claim Construction Issues** See P.R. 4-4. | April 25, 2025 |
| **Opening Claim Construction Brief** Comply with P.R. 4-5(a)(1). | May 16, 2025 |
| **Responsive Claim Construction Brief** Comply with P.R. 4-5(a)(2). | May 30, 2025 |
| **Reply Claim Construction Brief** | June 6, 2025 |

| | |
|---|---|
| Comply with P.R. 4-5(a)(3). | |
| **Joint Claim Construction Chart** Comply with P.R. 4-5(b) and (c). | 1 week before Markman hearing |
| *Markman* **Hearing** | To be determined by the Court |
| **Deadline For Final Infringement Contentions And To Amend Pleadings On Infringement Claims**<br>NOTE: Except as provided in P.R. 3-6, if the amendment would affect preliminary or final infringement contentions, a motion must be made under P.R. 3-7 irrespective of whether the amendment is made before this deadline. | October 30, 2025 |
| **Privilege Logs/Willfulness**<br>Comply with P.R.3-8<br>All parties furnish privilege logs by this date. | November 6, 2025 |
| **Deadline For Final Invalidity Contentions And To Amend Pleadings On Invalidity Claims.**<br>NOTE: Except as provided in P.R. 3-6, if the amendment would affect preliminary or final invalidity contentions, a motion must be made under P.R. 3-7 irrespective of whether the amendment is made before this deadline. | November 20, 2025 |
| **Completion Of Fact Discovery**<br>Written discovery requests are NOT timely if they are served so close to this deadline that under the Fed. R. Civ. P. the response would not be due until after this deadline. | January 14, 2026 |
| **Designation Of Experts And Required Reports Other Than Claim Construction And Attorneys' Fees**<br>Party with burden of proof ("BOP") on non-construction and fees issues shall comply with Fed. R. Civ. P. 26(a)(2)(A-C). | October 1, 2025 |
| **Designation Of Responsive Experts And Required Reports**<br>Party not having BOP on non-construction and fees issues shall comply with Fed. R. Civ. P. 26(a)(2)(A-C). | October 31, 2025 |
| **Completion Of Expert Discovery** | March 31, 2026 |
| **Dispositive And Non-Dispositive Motions Deadlines (Including** *Daubert* **Motions)** | April 30, 2026 |
| **Joint Pretrial Order and Motion in Limine Deadline**<br>The Joint Pretrial Order will contain the pretrial disclosures required by Fed. R. Civ. P. Rule 26(a)(3), Local Rules and this Court's procedures. Plaintiff is responsible for timely filing the complete Joint Pretrial Order. Failure to file a Joint Pretrial Order timely may lead to dismissal or other sanction in accordance with the applicable rules. | At least 2 weeks before Docket Call |
| **Docket Call / Final Pretrial Conference** | To be determined by the Court |
| **Mediation to be Completed by this Date**<br>The parties must select a mediator for this case. The parties and mediator must comply with S.D. TEXAS LOCAL RULE 16. | MEDIATION is REQUIRED prior to Docket Call |

4

| | |
|---|---|
| **Jury Selection and Trial** commences, subject to Court's criminal docket | To be determined by the Court |

    **A.**    **Responses to all the matters raised in Rule 26(f).**

The Parties propose to conduct discovery under the plan summarized in the above chart.

The Parties agree that a protective order for confidential information should be entered in this matter and are working on a joint submission regarding the same.

The Parties anticipate they will conduct discovery based on the allegations and defenses set forth in the pleadings of the Parties, including the issues of patent infringement, patent invalidity and patent damages.

    **B.**    **When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates that it may send interrogatories to Defendant on or before January 31, 2025.

    **C.**    **When and to whom the defendant anticipates it may send interrogatories.**

Defendant anticipates that it may send interrogatories to Plaintiff on or before January 31, 2025, and/or periodically thereafter during discovery.

    **D.**    **Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates taking oral depositions of fact witnesses after receiving from the Defendant information regarding unidentified employees of Defendant with relevant knowledge as well as requested documents from the Defendant no later than January 14, 2026, or 90 days after the Court issues an order on Claim Construction, whichever date occurs later.

    **E.**    **Of whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipates taking oral depositions of fact witnesses after receiving from Plaintiff information regarding unidentified employees of Plaintiff with relevant knowledge as well as

requested documents from Plaintiff, and not later than January 14, 2026, or within 90 days after the Court issues an Order on Claim Construction, whichever date occurs later.

      **F.**    **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.**

The Parties propose that they will designate experts and provide reports as such issues as required by Rule26(a)(2)(B) by no later than October 1, 2025 on issues in which each party bears the burden of proof, or within 120 days after the Court issues an order on Claim Construction, whichever date occurs later.  In addition, the Parties anticipate that responsive expert reports may be exchanged by no later than October 31, 2025, or within 150 days after the Court issues an order on Claim Construction, whichever date occurs later.

      **G.**    **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  *See* Rule 26(a)(2)(B) (expert report).**

The Parties propose completing expert depositions by no later than March 31, 2026, or within 180 days after the Court issues an order on Claim Construction, which is 30 days after the date for responsive expert reports, whichever date occurs later.

      **H.**    **List expert depositions the opposing party anticipates taking and their anticipated completion date.  *See* Rule 26(a)(2)(B) (expert report).**

The Parties propose completing expert depositions by no later than March 31, 2026, or within 180 days after the Court issues an order on Claim Construction, which is 30 days after the date for responsive expert reports, whichever date occurs later.

**10.**    **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The Parties are in agreement on the discovery plan set forth herein.

11.     **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

12.     **State the date the planned discovery can reasonably be completed.**

Please see the above chart for proposed discovery deadlines.

13.     **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The Parties intend to explore potential settlement, but settlement discussions thus far have been preliminary, rather than substantive.

14.     **Describe what each party has done or agreed to do to bring about a prompt resolution.**

Plaintiff has received information from Defendant about sales of products accused of infringement and it's prepared to make an exchange of other information relevant to settlement, as a basis for a formal settlement demand.

15.     **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

The Parties are agreeable to mediation after some discovery is conducted.

16.     **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The Parties are not agreeable to a trial before a magistrate judge.

17.     **State whether a jury demand has been made and if it was made on time.**

Plaintiff timely requested a jury trial in its Complaint.

18. **Specify the number of hours it will take to present the evidence in this case.**

Plaintiff anticipates approximately 20 hours to present its evidence on the claims in this case. Defendant anticipates approximately 15 hours to present its evidence on the claims in this case.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Presently, there are no motions pending that could be ruled on at the initial pretrial and scheduling conference.

20. **List other motions pending.**

None.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None at this time.

22. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

*Counsel for Plaintiff*

Michael S. Dowler
Park, Vaughan, Fleming & Dowler LLP
Texas State Bar No. 783979
Southern District of Texas Bar No. 15607
1980 Post Oak Boulevard, Suite 2300
Houston, Texas 77056 mike@parklegal.com
713-443-6866

Paul Vickrey
Vitale, Vickrey, Niro, Solon & Gasey LLP
311 S. Wacker Dr., Ste. 2470
Chicago, IL 60606
312-236-0733; vickrey@vvnlaw.com

Licensed: Illinois 3127773

Patrick Solon
Vitale, Vickrey, Niro, Solon & Gasey LLP
311 S. Wacker Dr., Ste. 2470
Chicago, IL 60606
312-236-0733; solon@vvnlaw.com
Licensed: Illinois 6205890

Nicholas Niro
Vitale, Vickrey, Niro, Solon & Gasey LLP
311 S. Wacker Dr., Ste. 2470
Chicago, IL 60606
312-236-0733; solon@vvnlaw.com  Licensed: Illinois 6345897

*Counsel for Defendant*

John R. Keville
Attorney-in-Charge
Texas State Bar No. 00794085 Southern District of Texas ID No. 20922
jkeville@sheppardmullin.com Robert L. Green, III
Texas State Bar No. 24087625 Southern District of Texas ID No. 2535614
rgreen@sheppardmullin.com Michael C. Krill
Texas State Bar No. 24097954 Southern District of Texas ID No. 2782784
mkrill@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
700 Louisiana Street, Suite 2750
Houston, Texas 77002-2791
Telephone: (713) 431-7100  Facsimile: (713) 431-7024